UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD RATHBONE,

      Plaintiff,

                        CASE NO. 05-CV-73554-DT
                        JUDGE DAVID M. LAWSON
                        MAGISTRATE JUDGE PAUL J. KOMIVES

v.

RYAN SOTTILE, et al.,

      Defendants.
                                       /

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PERMIT DISCOVERY (Doc. Ent. 41)

**I.**     **RECOMMENDATION:** The Court should enter an order granting defendants Foley, Zimmerman and City of Monroe's November 3, 2006 motion to dismiss for failure to permit discovery (Doc. Ent. 41); dismissing this action in its entirety and granting reasonable costs and expenses to these defendants.

**II.**     **REPORT:**

**A.**     **Procedural History**

Plaintiff, represented by counsel, filed his complaint in August 2005 in Monroe County Circuit Court against thirteen defendants: (1) Ryan Sottile, (2) Jeff Kemp, (3) Jeremy Peters, (4) Bill Owens, (5) Jeff Prowant, (6) John Bills, (7) Greg Ruch, (8) Jason Miller, (9) Todd Opperman, (10) David Foley, (11) Police Officer Zimmerman, (12) City of Monroe and (13) County of Monroe. The complaint alleges that "[d]efendants used excessive force," and "arrested and prosecuted Plaintiff without probable cause[.]" Compl. at 2 ¶¶ 7, 10. On September 16, 2005, defendants Foley, Zimmerman, and City of Monroe (City defendants) filed

a notice for removal of cause to United States District Court Eastern District of Michigan Southern Division. (Doc. Ent. 1). On September 19, 2005, the City defendants filed an answer to the complaint, special and/or affirmative defenses and reliance upon jury demand. (Doc. Ent. 4).

On October 25, 2005, the County defendants filed a motion for more definite statement. (Doc. Ent. 6).[1] On November 23, 2005, plaintiff filed a motion for leave to file a first amended complaint and jury demand. (Doc. Ent. 12). On December 20, 2005, I entered an opinion and order deeming moot the motion for more definite statement and granting the motion for leave to amend. (Doc. Ent. 16).

On January 5, 2006, plaintiff filed a first amended complaint and jury demand against the same thirteen (13) defendants alleging five (5) counts. (Doc. Ent. 18). On January 6, 2006, the City defendants filed an answer to the first amended complaint, special and/or affirmative defenses and reliance upon jury demand. (Doc. Ent. 20). On January 19, 2006, defendants Sottile, Kemp, Peters, Owens, Prowant, Bills, Ruch, Miller, Opperman and County of Monroe (County defendants) filed an answer to the first amended complaint. (Doc. Ent. 24).[2]

---

[1] On November 14, 2005, plaintiff filed a motion for extension of time for service of summons and for substituted service for defendant Prowant upon defendant Monroe County. (Doc. Ent. 8). On November 16, 2005, Judge Battani entered an order extending summons for defendant Prowant. (Doc. Ent. 9).
  As of this date, Peters, Owens and Prowant have not been docketed as defendants in this case. However, the motion for more definite statement (Doc. Ent. 6) was filed on behalf of Owens, and the appearance (Doc. Ent. 19) was filed on behalf of Peters and Owens. Furthermore, the County defendants' answer to the amended complaint (Doc. Ent. 24), witness list (Doc. Ent. 27) and notice of joinder/concurrence (Doc. Ent. 42) were filed on behalf of Peters, Owens and Prowant.

[2] On November 29, 2005, plaintiff filed a motion to compel discovery based upon his October 6, 2005 discovery requests and the City defendants' November 8, 2005 responses. (Doc. Ent. 14). On February 7, 2006, I entered an order resolving the motion. (Doc. Ent. 25).
  On June 21, 2006, the City defendants filed a motion to dismiss based upon plaintiff's failure

**B.     Plaintiff is Currently Unrepresented by Counsel.**

On March 24, 2006, attorneys Amos E. Williams and Thomas E. Kuhn filed a motion to withdraw as counsel, stating that "[a]n irreconcilable break down in the attorney-client relationship has occurred and counsel can no longer represent the interests of the plaintiff." Doc. Ent. 29). Judge Battani granted plaintiff's counsel's motion on May 10, 2006. (Doc. Ent. 31).[3]

**C.     Defendants' Motion To Compel First Interrogatories and Request for Production of Documents to Plaintiff Was Granted.**

On July 18, 2006, the City defendants filed a motion to compel first interrogatories and request for production of documents to plaintiff. (Doc. Ent. 34). Plaintiff did not file a response.

On September 21, 2006, following a hearing at which plaintiff and defense counsel (attorneys Thomas W. Emery and S. Randall Field) were present, I entered an order granting the motion to the extent it sought responses to the October 18, 2005 and January 5, 2006 discovery requests. (Doc. Ent. 39). In part, the order provided that plaintiff would produce responses to these requests by Monday, October 23, 2006 and noted that the deadline was applicable whether or not plaintiff retained counsel.

**D.     Defendants' November 3, 2006 Motion to Dismiss for Failure to Permit Discovery**

On November 3, 2006, the City defendants filed a motion to dismiss for failure to permit discovery. (Doc. Ent. 41). The motion mentions the October 18, 2005 and January 5, 2006

---

to retain counsel or file pro se - allegedly not complying with the Court's May 10, 2006 order granting plaintiff's counsel's motion to withdraw. (Doc. Ent. 32). On July 14, 2006, Judge Battani entered an order denying the motion. (Doc. Ent. 33).

[3]Aside from the motion for withdrawal, plaintiff has filed five (5) documents with this Court: a motion for alternate service (Doc. Ent. 8); a motion for leave to file (Doc. Ent. 12); a motion to compel (Doc. Ent. 14); an amended complaint (Doc. Ent. 18); a witness list (Doc. Ent. 28). Each of these documents was filed by plaintiff's former counsel, Amos Williams.

discovery requests; the July 18, 2006 motion to compel and the September 21, 2006 order. The City defendants allege that "[p]laintiff failed to produce responses by Monday, October 23, 2006, and there is no indication that any responses are forthcoming[,]" and "[n]ot only has [p]laintiff failed to respond to two discovery requests, [p]laintiff has failed to obey a court order compelling responses to those discovery requests." Doc. Ent. 41 at 3-4 ¶¶ 6, 9. They request that the Court "enter an order dismissing this action in its entirety and granting reasonable costs and expenses.. . together with any and all other relief this Court deems just and proper." Doc. Ent. 41-1 at 4.

On November 10, 2006, the County defendants filed a joinder in co-defendants' motion to dismiss. (Doc. Ent. 42).[4] Plaintiff has not filed a response.

On December 13, 2006, my clerk noticed the hearing on this motion for January 22, 2007. (Doc. Ent. 44). As a result of other litigation in which plaintiff was involved, the hearing was rescheduled. On January 29, 2007, plaintiff, attorney S. Randall Field and attorney Ebony L. Duff appeared for the hearing on the above-described motion. A hearing was not held, as plaintiff informed the Court that he would be represented by attorney Jeffrey G. Strouss in this case. No appearance has been filed.[5]

On the date of the hearing, and consistent with my representation to the parties, I entered an order rescheduling the hearing on defendants' motion to dismiss for failure to permit discovery. (Doc. Ent. 45). The order provided that the hearing on the instant motion would be rescheduled for Friday, February 2, 2007 at 10 a.m. The order further provided that counsel for

---

[4]Judge Lawson has referred this case to me for general case management. (Doc. Ent. 43).

[5]A copy of this report and recommendation is being sent to attorney Strouss at the address listed with the State Bar of Michigan: 4401 Deco Court, Ann Arbor, Michigan 48105.

plaintiff was expected to be present so that the Court might begin to adjudicate the pending motion to dismiss.  The order additionally noted that there would be no further adjournments of this hearing.

On February 2, 2007, attorney S. Randall Field and attorney Thomas W. Emery appeared for the hearing on the above-described motion.  Neither plaintiff nor attorney Strouss were present.

**E.     Applicable Law**

**1.     Fed. R. Civ. P. 37(b)(2)**

The instant motion is based upon Fed. R. Civ. P. 37(b)(2)(C).  Doc. Ent. 41-1 at 3 ¶ 8. Rule 37(b)(2) provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(C).  The rule further provides that "[i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

"A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (referencing Fed. R.

Civ. P. 37(b)(2)(C)). "Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery." *Wittman v. Wilson*, 95 Fed. Appx. 752, **2 (6th Cir. 2004) (unpublished). *See also Maldonado v. Thomas M. Cooley Law School*, 65 Fed. Appx. 955, **2 (6th Cir. 2003) (unpublished).

**2.     Dismissal as a sanction for failure to cooperate in discovery**

"In *Regional Refuse*[,]we discussed the factors a district court should evaluate in determining whether to impose sanctions under Rule 37(b)(2)(C) for noncompliance with discovery orders[.]" *Bank One of Cleveland, N.A.*, 916 F.2d at 1079. "This court has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-155 (6th Cir.1988)).[6] "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland*, 103 F.3d at 1277. *See also Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997) (citing

---

[6]*Regional Refuse Systems, Inc.* was superseded by Fed. R. Civ. P. 37(c)(1) in 1993. *See Vance, by and Through Hammons v. U.S.*, 182 F.3d 920, **6 (6th Cir. 1999) (unpublished). Fed. R. Civ. P. 37(c) governs a party's "failure to disclose; false or misleading disclosure; [or] refusal to admit." However, *Vance* acknowledges that the *Regional Refuse Systems, Inc.* test does apply to cases in which sanctions are brought pursuant to Fed. R. Civ. P. 37(b) or Fed. R. Civ. P. 41(b). *Vance*, 182 F.3d at **6.

*Regional Refuse Systems, Inc.*, 842 F.2d at 153-155); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League*, 427 U.S. 639, 642-43 (1976)). Dismissal of a case is appropriate if plaintiff's failure to respond to discovery ordered by the court manifests "flagrant bad faith" and "callous disregard". *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976). However, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Manufacturing Company*, 15 F.3d 546, 551-552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988)).

### F. The Court Should Grant the Instant Motion to Dismiss for Failure to Permit Discovery

In light of the procedural history of this case (plaintiff's apparent failure to respond to the October 18, 2005 and January 5, 2006 discovery requests, his related apparent failure to obey the Court's September 21, 2006 order, his failure to respond to the motion if opposed [*See* E. D. Mich. LR 7.1(b)], and his or his counsel's failure to appear at today's hearing despite my January 29, 2007 order that there would be no further adjournments of this hearing) and for the reasons stated on the record, the Court should enter an order granting defendants Foley, Zimmerman and City of Monroe's November 3, 2006 motion to dismiss for failure to permit

discovery (Doc. Ent. 41); dismissing this action in its entirety and granting reasonable costs and expenses to these defendants.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated 2/2/07

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 2, 2007.

s/Eddrey Butts<br>Case Manager